IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH GLENN MILNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0430 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION
## FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KENNETH GLENN MILNER.  By his habeas application, petitioner challenges his state judgment of conviction and sentence for the felony offense of attempted capital murder.  For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

On January 11, 1991, petitioner entered pleas of guilty to three separate indictments, to-wit:

1.    In Cause No. 2404, 100th Judicial District Court, Carson County, Texas, to the offense of attempted capital murder.  The indictment charged that petitioner, on or about July 13, 1990, attempted to kill one Jimmy Britten and that in the course and commission of such offense on that same day,

HAB54\R&R\MILNER-430.SOL-NOAPP:2

petitioner had intentionally and knowingly caused the death of one Frankie Garcia by shooting him with a firearm.  The indictment further alleged that both of said acts (the attempted capital murder of Jimmy Britten and the murder of Frankie Garcia) were as a result of the same scheme and course of conduct;

2. In Cause No. 2405, 100th Judicial District Court, Carson County, Texas, to the offense of attempted capital murder.  The indictment charged that petitioner, on or about July 13, 1990, attempted to kill one Kenneth Williams and that in the course and commission of such offense on that same day, petitioner had intentionally and knowingly caused the death of one Frankie Garcia by shooting him with a firearm.  The indictment further alleged that both of said acts (the attempted capital murder of Kenneth Williams and the murder of Frankie Garcia) were as a result of the same scheme and course of conduct; and

3. In Cause No. 2379, 100th Judicial District Court, Carson County, Texas, to count three of the indictment charging the offense of murder.  Count three of the indictment charged that petitioner, on or about July 13, 1990, knowingly and intentionally caused the death of one Frankie Garcia by shooting him with a deadly weapon, to-wit: a firearm.[1]

Following the entry of the plea of guilty in Cause No. 2404, the court sentenced petitioner to a term of life imprisonment in the Texas Department of Criminal Justice, Institutional Division.  Following the plea of guilty in Cause No. 2405, petitioner was sentenced by the trial court to a term of life imprisonment in the Texas Department of Criminal Justice to run consecutively to the life sentence assessed in Cause No. 2404.  Following the entry of the plea of guilty in Cause No. 2379, petitioner was sentenced by the trial court to a term of life imprisonment in the Texas Department of Criminal Justice to run consecutively to the life sentences which had been assessed in Cause Nos. 2404 and 2405.  Petitioner did not appeal his convictions or sentences to the appropriate state appellate court.

In this habeas action, petitioner challenges his attempted capital murder conviction in Cause

---

[1]The indictment in Cause No. 2379 had also charged petitioner with two counts of capital murder, alleging the murder of Mr. Garcia in the course of committing and attempting to commit a kidnaping of Mr. Garcia (count one), and by alleging the murder of Mr. Garcia in the course of committing and attempting to commit the offense of burglary of a building (count two).

No. 2404.[2]  On September 30, 1991, petitioner filed an application for a state writ of habeas corpus

challenging his conviction in Cause No. 2404.[3]  On April 22, 1992, the Texas Court of Criminal

Appeals denied petitioner's application without written order.  *Ex parte Milner*, Application No.

23,001-01.  On or about June 12, 2003, petitioner filed a second state writ of habeas corpus

challenging his conviction in Cause No. 2404.  On August 27, 2003, the Texas Court of Criminal

Appeals again denied the writ without written order.  *Ex Parte Milner*, Application No.  23,001-05.

Petitioner, an inmate at the Hughes Unit, attests he placed the instant federal habeas corpus

application in the jail mail system on December 16, 2003.  Such application was received by and

filed with this Court on December 22, 2003.[4]


## II.
## GROUNDS

In support of his contention that he is being confined in violation of the Constitution and

laws of the United States, petitioner appears to argue:

1.      Petitioner's guilty plea was involuntary because the terms of the plea bargain
        agreement contravened the United States Constitution in that petitioner was
        found guilty, based upon his plea, of criminal conduct that was not an
        independent criminal offense but, instead, was part of the criminal conduct
        with which petitioner was charged in another cause;

2.      Petitioner was denied effective assistance of counsel and was denied a fair

---

[2]Petitioner filed a previous federal habeas corpus petition in this Court challenging his conviction for the attempted capital murder of Kenneth Williams in Cause No. 2405.  Such petition was denied.  *See Milner v. Johnson*, Cause No. 2:93-CV-222.  Petitioner also filed a federal habeas corpus petition in this Court challenging his conviction for the murder of Frankie Garcia.  This Court denied such petition, *see Milner v. Johnson*, Cause No. 2:04-CV-207 (March 31, 1999).  On appeal, however, the State conceded error.  Consequently, this Court eventually granted petitioner's habeas application, set aside his conviction for murder, and vacated his third life sentence.

[3]Petitioner's state application also challenged his conviction for attempted capital murder of Kenneth Williams in Cause No. 2405 and his conviction for the murder of Frankie Garcia in Cause No. 2379.

[4]In Cause No. 2:03-CV-222 challenging his conviction in Cause No. 2405, petitioner conceded in a September 23, 1994 pleading, "that the conviction based upon the indictment alleging an attempt to kill Jimmy Britten and the murder of Frankie Garcia in cause number 2404 was entered first and should be upheld."

trial because his trial counsel:

  a.  secretly conspired with the State and the trial judge to coerce petitioner into pleading guilty;

  b.  urged the State to re-indict petitioner with a greater felony in order to derive a greater personal financial benefit from his representation of petitioner;

 3.  Petitioner was denied a fair trial because the trial judge was biased, having participated in an out-of-court, off-the-record meeting with defense counsel and the State during which the judge agreed to convict petitioner of uncharged criminal allegations ; and

 4.  The trial judge abused his discretion in accepting a plea he knew to be involuntary.

III.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a

habeas petition in federal court.  That subsection provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

 (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's claims relate only to the validity of his January 11, 1991 attempted capital murder conviction in Cause No. 2404. The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state trial court imposed petitioner's life sentence in Cause No. 2404, in open court, on January 11, 1991. Therefore, petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). Petitioner did not file any direct appeal. The time period in which to file his Notice of Appeal expired on February 10, 1991 and, thus, petitioner's conviction in Cause No. 2404 became final as of that date.

The one-year limitation period, however, was not enacted until April 24, 1996 and is not applied retroactively.[5] Consequently, a petitioner is afforded one year following the act's effective date of April 24, 1996, or until April 24, 1997, subject to any applicable tolling, to file a federal application for a writ of habeas corpus. *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The time limitation imposed by section 2244 applies to the instant habeas application because it was

---

[5]The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I (1996), enacted on April 24, 1996.

filed after the effective date of the act.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

On September 30, 1991, prior to enactment of the AEDPA, petitioner filed, with the state trial court,  his first state habeas application challenging the conviction in Cause No. 2404.  Such application was denied on April 22, 1992, prior to an enactment of the AEDPA.  *In re Milner*, No. 23,001-01.  Such filing did not toll the expiration of the April 24, 1997 deadline for filing a federal habeas application.

Petitioner's second state habeas application challenging the conviction in Cause No. 2404 was filed with the state trial court on June 12, 2003, more than six (6) years after the expiration of the limitations period on April 24, 1997.  Such application was denied without written order by the Texas Court of Criminal Appeals on August 27, 2003.  *In re Milner*, No. 23,001-05.   This second state habeas application was not filed prior to the time limitations ran and does not toll the limitation period.

Petitioner placed his federal habeas application in the jail mail system on December 16, 2003, and such application was received and filed on December 22, 2003, more than six (6) years after the expiration of the April 24, 1997 deadline.  Consequently, petitioner's current federal habeas application is time barred.  Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by

petitioner KENNETH GLENN MILNER be DISMISSED as time barred.


V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of November 2006.



CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the
event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is
eleven (11) days from the date of filing as indicated by the file mark on the first page of this
recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are
allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be
<u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. §
636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule
3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report
and Recommendation."  Objecting parties shall file the written objections with the United States
District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely
file written objections to the proposed findings, conclusions, and recommendation contained in this

report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).